NOT FOR PUBLICATION OR CITATION

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND**

CIVIL ACTION NO. 08-CV-138-HRW

CHARLES VERNON CLEMENTSON, JR.                                              PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY                                                                  RESPONDENT

Charles Vernon Clementson is confined in the Federal Correctional Institution which is located in Ashland, Kentucky. Clementson has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2] and has paid the $5.00 filing fee [Record No. 4].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action is either frivolous or malicious, or fails to state a claim upon which relief can be granted.

## CLAIMS

Clementson alleges in his §2241 petition that the Federal Bureau of Prisons ("BOP") has refused to credit his current federal sentence with 258 days of time which he claims he spent in federal custody, between August 30, 2006 and May 14, 2007. Clementson claims that the length of his federal sentence has been increased as a result of the BOP's actions. He contends that his right to due process of law under the Fifth Amendment of the United States Constitution has been violated.

## RELIEF REQUESTED

Clementson seeks an order directing the BOP to credit his current federal sentence with 258 days of time which he claims he spent in federal pre-sentence custody, between August 30, 2006 and May 14, 2007.

## RESPONDENT

The named respondent is E.K. Cauley, the warden of USP-McCreary.

## PETITIONER'S CRIMINAL CONVICTION

On September 5, 2007, Clementson was convicted of federal crimes in United States District Court for the District of South Carolina (Charleston Division). *See United States of America v. Charles Vernon Clementson*, 2:06-654(1) (Hon. P. Michael Duffy, presiding) ("the Trial Court"). Specifically, Clementson was convicted for being a felon in possession of a firearm, and possessing a firearm while the subject of a Court Order, in violation of 18 U.S.C. §§ 922(g)(1)(8) and 924(a)(2).[1] Clementson received a twenty-seven (27) month sentence.

---

[1] The conviction was the result of a guilty plea [*See* "Amended Judgment in a Criminal Case" Record No. 2-14, p.1-3].

EXHAUSTION OF § 2241 ClAIMS

Clementson has filed documents which demonstrate that he has exhausted the three-step administrative remedy process required by 28 C. F.R. § 542.13 -15. Both the Mid-Atlantic Regional Office and the BOP Central office denied the petitioner's request that credit be applied toward his federal sentence for the time period between August 30, 2006 and May 14, 2007.[2]

On August 5, 2008, K. M. White, Regional Director of the BOP's Mid-Atlantic Region Office ("MARO"), denied the Petitioner's BP-10 appeal, the second of three appeals required by BOP regulations [*See* Record No. 2-11, p. 2]. On October 10, 2008, Harrell Watts, Administrator of the National Inmate Appeals, denied the petitioner's final BP-11 appeal [*See* Record No. 2-12, p. 3]. Watts upheld MARO Director White, and denied the request to credit the petitioner's federal sentence for the 258-day period of time at issue.

Just as MARO Director White had determined on August 5, 2008, Harrell Watts determined that awarding the petitioner with the credit requested would be giving him double credit for time which had already been applied to his state sentence. Watts concluded that such a result would violate 18 U.S.C. §3585(b). Watts stated as follows:

> Review of the record reveal that you were arrested on August 27, 2006, in Colleton County, South Carolina, for Violation of Restraining Order and Public Disorderly Conduct. You were subsequently sentenced in state court to a term of 260 days, the period of time served from August 27, 2006, through May 13, 2007. You were released to exclusive federal custody on May 21, 2007.
>
> You were sentenced in U.S. District Court on September 5, 2007, to a term of 27 months. You remained in exclusive federal custody and your sentence commenced. You received credit toward your federal sentence for the periods of January 15 and 16, 2006 March 23 and 24, 2006 March 28, 2006 and May 14

---

[2] Warden Cauley denied Clementson's BP-9 "Request for Administrative Remedy"on June 6, 2008 [Record No. 2-10].

through September 4, 2007, the day prior to commencement of your federal sentence.

Pursuant to 18 U.S.C. § 3585(b), prior credit is to be applied for any time spent in official custody prior to the date the sentence commences, provided that credit for that period has not been credited against another sentence. Page 1-14, Section C of Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984), explains how the Bureau applies that statute. The credit you request, August 27, 2006, through May 13, 2007, was applied to your state sentence and cannot, therefore, be applied toward your federal sentence.

Your sentence has been calculated as required by judicial precedent, federal statute, and Program statement 5880.28 *Sentence Computation Manual-CCCA*.

No additional credit is warranted. Your appeal is denied.

[Record No. 2-12, p.3].

## DISCUSSION

The BOP correctly concluded that Clementson is not entitled to additional credit toward his federal sentence for the 258 days of time which claims he spent in federal custody, between August 30, 2006 and May 14, 2007. The BOP explains that Clementson was received into *exclusive* federal custody on May 21, 2007.[3]

It was not until May 14, 2007 that Clementson ceased serving his South Carolina state sentence and was released from time served on that state sentence. It was not until May 14, 2007 that Clementson came into the *primary* custody of the federal authorities.

Therefore, Clementson did not begin serving his federal sentence until May 14, 2007, the date on which he came into exclusive federal custody. All other time which Clementson spent in custody was applied to his South Carolina state sentence, imposed on August 27, 2006.

---

[3] Clementson also received credit on his sentence for the following dates: January 15 and 16, 2006; March 23 and 24, 2006; and March 28, 2006 [*See* Watts Response, Record No. 2-12, p.3]

4

Under the statute, it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

The applicable statute is 18 U.S.C. §3585, which reads in relevant part as follows:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).

Under §3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into official custody.[4] Clementson could not begin to accrue credit toward his federal sentence until he came into exclusive federal custody, which in this case was May 14, 2007. Here, Clementson received pre-sentence credit for time served between May 14, 2007 and September 4, 2007, which was one day before the Trial Court sentenced him to serve a 27-month sentence.

---

[4] *See* 18 U.S.C. §3585(a) **Commencement of sentence**.--

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

5

Because Petitioner Clementson received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993). If the petitioner were credited for this time against his federal sentence, he would be receiving improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505; *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter).

Although Clementson argues that he was in "federal custody" between August 30, 2006 and May 14, 2007, he misunderstands the applicable law. Clementson's own filings reveal that on August 28, 2006, he was taken into the custody of the United States Marshal's Office pursuant to a to a writ of *habeas corpus ad prosequendum* issued in the Trial Court [*See* "Writ," Record No. 2-3].[5]

During the period of time between August 30, 2006 and May 14, 2007, Clementson was only "borrowed" by federal authorities while in their custody under writ of *habeas corpus ad prosequendum*. He remained in the primary custody of the state authorities. The case law is well established that secondary, or temporary, custody pursuant to a writ of *habeas corpus ad prosequendum* does not cause a person to be in the "primary" custody of federal authorities.

The case of *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished), erodes the petitioner's theory that he is entitled to credit on his current federal sentence imposed for the time he served in pre-sentence custody, between August 30, 2006 and

---

[5] This writ is used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined. *Black's Law Dictionary*, Seventh Edition, p. 715.

May 14, 2007, pursuant to a writ of *habeas corpus ad prosequendum*. Huffman similarly alleged that he, like the instant petitioner, was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the USM, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359. The Sixth Circuit concluded that because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359.[6]

---

[6]

*See also Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)). In *Easley*, the petitioner Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, relying on *Sinito v. Kindt*, 954 F.2d 467,469 (7th Cir. 1992). The court found that because Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, the time spent in custody pursuant to the writ was applied to his state sentence. *Easley* concluded that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542. *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

7

Thus, as the BOP officials correctly concluded, Clementson is not entitled to "double-dip" by receiving credit toward his federal sentence for this same time. *McClain* and *Huffman* require dismissal of the instant §2241 petition. To the extent that Clementson was serving a South Carolina sentence between August 30, 2006 and May 14, 2007, that 258 days of credit for time served would have been applied to his *state* sentence. He was in the primary custody of that state entity. To award the petitioner with 258 days of credit toward his federal sentence would result in the petitioner receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b) and the case law cited.

The petition must be denied, and this action will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** that Charles Vernon Clementson's §2241 petition is **DENIED** and that this proceeding [08-CV-138-HRW] is **DISMISSED WITH PREJUDICE**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This March 17, 2009.



Signed By:
Henry R Wilhoit Jr.
United States District Judge